## H. R. Hynson v. St. Louis Southwestern Ry. Co.

Decided April 8, 1905.

**1.—Master and Servant—Assumed Risk.**

An employe has the right to assume that his employer has provided a safe place for him to work in, and safe appliances, and he does not assume the risk arising from the employer's failure to perform that duty unless he knows of the failure and attendant risk, or in the ordinary discharge of his own duty must necessarily have acquired such knowledge.

**2.—Same—Railroad Switchman.**

Where an experienced railroad man had worked for seven months as switchman in a yard where all the guard rails were not blocked, he must be held to have known of such conditions there and to have assumed the risk resulting therefrom.

**3.—Same—Coupling Moving Cars.**

Where a yard switchman, with knowledge that the automatic coupler would not work and of the danger of the situation went between slowly moving cars to make a coupling, in violation of the company's rule forbidding this, he assumed the risk resulting from his so doing.

**4.—Same—Defective Guard Rail—Issue for Jury.**

Where it was shown that the guard rail was further from the main rail than was usual and proper, and that the switchman, who was not charged with knowledge of that defect, caught his foot between the two while uncoupling cars, the space between such rails being at one place three to three and a half inches and the sole of his shoe being four inches wide, the question whether the shoe could have been pressed in and then extricated in time to have prevented the injury presented an issue of negligence for the jury to determine.

Appeal from the District Court of Bowie. Tried below before Hon. P. A. Turner.

*Todd & Armistead* and *W. P. McLean,* for appellant.—1. It is a question for the jury whether failure to block guardrails is negligence. Hughn v. Railway Co., 92 Mo., 440, 4 S. W. Rep., 937; Hamilton v. Coal Co., 108 Mo., 364, 18 S. W. Rep., 977; Stoddard v. Railway Co., 65 Mo., 514; Sherman v. Railway Co., 34 Minn., 259, 25 N. W. Rep., 573; Austin v. Railway Co., 93 Ia., 236, 61 N. W. Rep., 540; Brooke v. Railway Co., 61 Ia., 504, 47 N. W. Rep., 74; Belly v. Railway Co., 6 Utah, 319, 23 Pac., 751; Patterson v. Railway Co., 76 Pa. St., 380; Missouri P. Ry. Co. v. Baxter, 42 Neb., 993, 60 N. W. Rep., 1044.

2. An employe is not bound to the duty of inspection, and must not

only actually or necessarily know of the defect, but also the danger confronting him. Bonnet v. Railway Co., 89 Texas, 76; Railway Co. v. Bingle, 91 Texas, 288; Railway Co. v. Hannig, 91 Texas, 351.

3. The doctrine of assumed risk has no application to a case where the servant first discovered the defect at the time of his injury. Railway Co. v. Milam, 50 S. W. Rep., 417; Railway Co. v. Gourley, 54 S. W. Rep., 308.

4. It would be superfluous to refer to the hundreds of cases which decide that it is not contributory negligence per se for a brakeman or switchman to go between moving cars to perform his duty of uncoupling cars. I refer to one only, because very recent and very analogous to this: International & G. N. Ry. Co. v. Penn, 9 Texas Ct. Rep., 188, and on rehearing, id., p. 592. If that case was not one of contributory negligence, a fortiori, this can not be, as a matter of fact, much less as a matter of law.

5. It is impossible for us to understand upon what theory or conception of the law the learned judge below conceived it to be his duty to take this case from the jury of his own motion and direct a verdict for defendant, unless he held that the fact that the guard-rail was unblocked was the sole cause of the injury, and that appellant assumed the risk of injury from that cause; thus following the harsh, though not harmonious, rule of the Federal Courts. Such holding, we think, was not warranted by the evidence nor by the law. Vicars v. Railway Co., 11 Texas Ct. Rep., 592, 593.

*E. B. Perkins* and *Glass, Estes & King,* for appellee.—1. Where appellant has worked seven months in appellee's yards, where practically every guard-rail is unblocked, and it is open and plain to his observation, and the fact that he ought to have known and acquired the knowledge in the discharge of his duties, he will be conclusively presumed to have known that they were unblocked. Railway v. Thompson, 33 S. W. Rep., 718; Railway v. Crawford, 33 S. W. Rep., 534; Railway v. Seley, 152 U. S., 145; Lindsay v. Railway, 112 Fed. Rep., 384; Morris v. Railway, 108 Fed. Rep., 747; Tuttle v. Railway, 122 U. S., 189; Gilbert v. Railway Co., 128 Fed. Rep., 529; St. Louis Cordage Co. v. Miller, 126 Fed. Rep., 496.

2. If the coupling appliance was defective, by having the chain disconnected, that fact was known to appellant before he attempted to uncouple the cars, and he assumed the risk of injury on account thereof. Railway v. Crawford, 33 S. W. Rep., 534; Railway v. Com. Union Ins. Co., 139 U. S., 223.

3. Appellant going between the ends of moving cars and attempting to uncouple the same, whilst walking towards a switch and guard-rail which he had just switched a car over, and over which he was continuously working, was guilty of contributory negligence precluding recovery. Railway v. Thompson, 33 S. W. Rep., 718; Railway v. Crawford, 33 S. W. Rep., 534; Morris v. Railway, 108 Fed. Rep., 747; Southern Pac. Ry. v. Seley, 152 U. S., 145; Tuttle v. Railway, 122 U. S., 189; Gilbert v. Railway, 128 Fed. Rep., 529; Greenlee v. Southern Ry., 41 L. R. A., 401.

RAINEY, CHIEF JUSTICE.—Appellant sued to recover of appellee damages for personal injuries alleged to have been sustained by appellant through the negligence of appellee's servants. Upon the trial the court instructed the jury to return a verdict for appellee, which was done, and this action is assigned as error.

The issues raised were, whether or not the railway company was negligent in failing to have all of its guard-rails blocked in the yards in Texarkana, in not having a coupling appliance in a reasonably safe condition, and in placing the guard-rail too far from the main rail, and whether or not appellant had assumed the risk and was guilty of contributory negligence.

The evidence tends to show that in the railway company's yards at Texarkana there were quite a number of switches, a part of which were blocked, but the majority of them were not blocked. The appellant was employed by said company as switchman in said yards, and had been working there for over seven months, and was perfectly familiar with the conditions there, as to part of the switches being blocked and part unblocked. Appellant was injured while trying to uncouple cars. The train was slowly moving. A chain which was used in connection with a lever, to uncouple cars, was disconnected, and the coupling pin could not be drawn by the use of the appliance, and appellant went in between the cars to uncouple, when his foot caught in the guard-rail, which caused the injury.

An employe has the right to assume that the master has furnished reasonably safe tools with which to work, and a reasonably safe place for the doing of such work, and is not required to assume the risk arising from the failure of the master to perform his duty, unless he knows of the failure and attendant risk, or, in the ordinary discharge of his own duty, must necessarily have acquired such knowledge. He is not required to use ordinary care to see that the master has provided proper tools or a proper place for the doing of the work. (Railway Co. v. Hannig, 91 Texas, 374.)

The foregoing announces the proper rule of law in regard to the assumption of risk by the employe. Applying it to this case, in regard to the question of blocking guard-rails, we think the appellant assumed the risk as to whether or not the appellee was negligent in not blocking all the guard-rails in the yard. The appellant was an experienced railroad man. He had been working as switchman in this yard for over seven months, and must be held to have known the condition of the switches there.

It must further be held that he assumed the risk of going in between the ends of the cars to uncouple the cars, and the negligence of the company, if any, to have the automatic coupler in proper condition, does not relieve him. Before going in between the cars appellant knew the automatic coupler would not work, and he knew the danger incident thereto. A rule of the company forbade his going in between the cars when moving, and, having violated the rule of the company, he assumed the risk. In Railway v. Keefe (11 Texas Ct. Rep., 966), in approving a charge, this court held that, where the employe violated a rule of the company similar to the one here, he assumed the risk of so doing. On

this ground of alleged negligence appellant was not authorized to recover.

The third ground of negligence upon which appellant seeks a recovery is, that this particular guard-rail was farther from the main rail than is usual or proper in placing guard-rails. There is testimony by appellant showing that the straight or middle part of the guard-rail was three or three and one-half inches from the main rail, when it was shown by other evidence that the proper distance was two and one-fourth or two and one-half inches. The evidence fails to show at what point the foot was caught, whether near the end, where the guard-rail flares, or in the middle, where it runs parallel with the main rail. It is argued by counsel for appellee that the foot must have caught near the end of the guard-rail, and not in the middle, for if it was a sufficient distance for the foot to have gone in it was sufficiently wide for the foot to have been pulled out. It was shown that the sole of appellant's shoe was four inches wide. If the guard-rail was not properly placed, there is no evidence to show that appellant knew this, or that he should necessarily have acquired such knowledge in the discharge of his duty. Whether or not the shoe could have been pressed in and then extricated in time to prevent the injury is not so apparent as to admit of a peremptory charge that it could. We think the evidence raises an issue on this point which should have been admitted to the jury for their determination, and the court should have submitted it under appropriate instructions.

For this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*